MARINE NATIONAL BANK v. A. E. HUMPHREYS and Others.[1]

Aug. 6, 1895.

Nos. 9342—(181).

**Action on Note—Sufficiency of Complaint.**

*Held*, that the complaint herein failed to state facts sufficient to constitute a cause of action.

Action in the district court for St. Louis county on a promissory note for $500 made by defendants A. E. Humphreys and G. J. Atkins to defendant Horace V. Winchell and by him indorsed to defendants Fletcher, Rockwood & Dawson. From an order, Moer, J., overruling his demurrer to the complaint, defendant Winchell appealed. Reversed.

*Fletcher, Cairns & Rockwood*, for appellant.

*Schmidt & Reynolds*, for respondent.

COLLINS, J. The plaintiff, duly organized and existing under the national banking act, brought this action against two of the defendants, as the makers, and the defendant Winchell, as indorser, of a promissory note.

After the formal allegations, and a statement that it was payable in the city of Duluth, the complaint alleged that, before the maturity of the note, it was delivered to a certain bank in Minneapolis, for collection, by defendants Fletcher, Rockwood & Dawson, and by said Minneapolis bank delivered to plaintiff bank, located at Duluth, for collection purposes; that thereupon, before maturity, and by mistake as to the due day, plaintiff presented it for payment, which was refused, and thereupon it caused the note to be protested for nonpayment; that said note and protest were at once returned by plaintiff to the Minneapolis bank, where the mistake as to the day of maturity was discovered and reported to plaintiff; and the note was again sent to plaintiff, and thereafter, and at the proper time, duly presented to the makers for payment, which was again refused; and that plaintiff immediately caused said note

[1] Reported in 64 N. W. 148.

to be duly protested for nonpayment. The complaint further alleged that, at the time of all of the transactions hereinbefore mentioned, plaintiff believed the Minneapolis bank to be the owner and holder of the note, but, upon returning it after the second protest, was informed that such was not the fact, but that it had been left for collection by the defendants Fletcher, Rockwood & Dawson. The complaint then averred that said defendants were reputable attorneys at law, and, claiming that said note had not been properly protested, said attorneys insisted that the Minneapolis bank should pay the amount thereof to them; that the bank last named, believing itself liable, called upon plaintiff to take up the note by a purchase of the same, and that, supposing and believing itself liable for the amount, the plaintiff paid over to the Minneapolis bank the sum due; and that, on such payment, the bank, as an agent of Fletcher, Rockwood & Dawson, transferred and delivered the note to plaintiff. To this complaint defendant Winchell demurred, upon the ground that it failed to state facts sufficient to constitute a cause of action.

The demurrer should have been sustained. The defective pleading was not well drawn; for a very few words would have made it sufficient. There was no averment that the Minneapolis bank was authorized to transfer and deliver the note to plaintiff upon its payment, or even that Fletcher, Rockwood & Dawson had received the money paid by plaintiff, or that they had any knowledge of the transaction, or had in any way ratified it. It could not be inferred that authority to transfer and deliver the note to plaintiff upon payment had been conferred upon the Minneapolis bank from the averment that it had so transferred and delivered as the agent of Fletcher, Rockwood & Dawson; for it had been previously alleged that it received the note from them simply for collection. The complaint was insufficient, because it failed to connect Fletcher, Rockwood & Dawson, in any manner, either before or after payment by plaintiff, with the transaction between the latter and the bank to which they delivered the note for collection, and of which they made the somewhat singular demand, under the alleged circumstances, for payment.

Upon the oral argument, defendants' counsel frankly admitted that, with knowledge of the facts, the owner of the note had re-

ceived plaintiff's money, and contended that the latter, when paying, was an officious intermeddler, and was remediless. Such a contention is without a shadow of merit, and the claim that the makers and indorser of the note can escape paying what is presumably an honest debt in so unconscionable a manner cannot be tolerated. We have no doubt, if the facts are as they were admitted to be on the argument, that plaintiff is entitled to be subrogated to the rights of the parties who received its money. No statutory costs will be allowed appellant.

Order reversed.